1844.

SAFFORD
v.
DOUGLAS.

---

SAFFORD v. DOUGLAS, *et al.*

---

GRAY and CROSBY v. DOUGLAS, *et al.*

---

Where different judgment-creditors file their bills on the same day, he who first gets his pleading on file has priority of payment.(b)

---

PETITION of Joseph Brice Smith, receiver of the estate and effects of Samuel T. Armstrong and James B. Douglas, for instructions as to the manner in which he should distribute funds in his hands.

*Oct. 7,*
1844.

*Practice.*
*Judgment*
*Creditor.*
*Debtor and*
*Creditor.*
*Priority.*

(a) And see *Smets* v. *Williams*, 4 Paige's C. R. 364: *Church* v. *Ide*, 1 Clarke's Ch. R. 494.

(b) And see *Fitch* v. *Smith*, 10 Paige's C. R. 1.

1844.

SAFFORD
v.
DOUGLAS.

The difficulty was to decide upon a priority between the complainant John L. Safford and the complainants Gray and Crosby. They had both filed judgment-creditor's bills on the same day. The solicitor for Gray and Crosby showed, by deposition, that on account of the sheriff having made a mistake as to the court in which the *fi. fa.* should have been returned, the solicitor for Safford got his bill on file first, adding "that the difference of the time of filing the aforesaid bills was not, as deponent believes, more than five minutes."

A question was also attempted to be started between individual and partnership creditors.

Mr. *Clarkson*, for the complainants Gray and Crosby.

Mr. *A. Thompson*, for the complainant Safford.

Mr. *J. B. Smith*, solicitor in *pro per.*

*Oct. 21.* THE VICE-CHANCELLOR :—It seems that the courts are bound to look to the fractional parts of a day in order to determine the priority of liens by judgment and executions where several have been obtained on the same day.

The revised statutes, vol. 2 p. 359 § 3, speak of "the time" of docketing a judgment (not of the day) as giving a lien on lands ; and executions take effect, as to personal property, from the hour and minute they are received by the sheriff; and they are to be paid in the order in which they are received—the exact time being noted upon them by the officer. The case of *Lemon* v. *Staats*, 1 Cowen 592, is a direct and explicit authority for the rule ; and see 2 R. S. 365, § 13.

And the same rule is as applicable here, in respect to the filing of creditors' bills which create an equitable lien, as at law with respect to judgments and executions. In *Corning* v. *White*, 2 Paige's C. R. 568, the chancellor recognizes it as well settled that the creditor who first files his bill here, to reach the defendant's property which cannot be sold on an execution at law, obtains a preference.

This preference arising from his priority in point of time

becomes a matter of legal vested right, which even a court of equity will not disturb : *M'Dermutt* v. *Strong and others*, 4 J. C. R. 687.

The complainant, Safford, obtained it, in this instance, by filing his bill and serving his subpœna a few minutes before the other complainants Gray and Crosby. It was Safford's good luck and not the others' fault that he got ahead of them in the race. They have to blame the sheriff for being delayed in finding the execution returned before they could present their bill for the injunction ; but this accident or mistake of the officer's is not a sufficient ground for depriving Safford of his priority.

The other point between the partnership creditors and the individual creditor I determined on the hearing of the petition.

*Order :* That the complainant, John L. Safford, be first paid in full and next the complainants Gray and Crosby and so on in the order in which the several creditor's bills were filed.